Judge Owst.et
delivered the opinion.
For and in consideration of three hundred dollars, to be paid by Taylor on the first day of August, Í817, Harrison covenanted to convey to Taylor, on the said first day of August, a Jot of ground In the town of Winchester. To obtain compensation For the failure of Harrison in not conveying the lot, Taylor brought his action on the covenant; and after setting forth the deed of covenant, alleged that he, on the 20th of August, 1817, paid the three hundred dollars, stipulated by him to be paid, and charges the breach in Harrison s failure to make the conveyance, &c.
To this declaration Harrison pleaded, alleging the nonpayment of the three hundred dollars on the first day of August, 1817, &c. And to this plea Taylor demurred, and Harrison having joined in demurrer, the court sustained the demurrer, and rendered judgment against Harrison.
This court cannot accord with the circuit court in its decision upon the demurrer. The case of Stutesville against Miles, decid» d at this term, is decisive against the decision of that court. According to the case cited, as the price was to be paid by Taylor on the first of August, i he day on which the conveyance was to he made by Harrison, to authorise a recovery for not conreying, Taylor should have either paid the price on the day, or tendered payment; and the failure to do so, cannot be excused by the allegation of his having thereafter, on a subsequent day, paid the price. 2 Marshall, 425. Instead of sustaining the demurrer of Taylor to the piea of Harrison, therefore, the court should have overruled it on the ground of the declaration Bot containing the proper averments to maintain, the action.
The judgment must be reversed with costs, the cause remanded to the court below, and further proceedings had¿ not inconsistent with this opinion. ⅜